# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-556V
**Filed: March 17, 2015**
**(Not to be published)**

* * * * * * * * * * * * * * * * * * * * * * *
JOEL VESSEY, *
Petitioner, * Decision on Damages; Flu;
v. * SIRVA.
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
Althea W. Davis, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On June 30, 2014, Joel Vessey ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. The petition alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu")

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

vaccination on October 24, 2011. Petition at Intro. On September 26, 2014, respondent filed a Rule 4(c) Report [“Respondent’s Report”], in which she conceded that petitioner is entitled to compensation under the Program. Respondent’s Report at 2. The undersigned issued a Ruling on Entitlement on September 26, 2014 finding that petitioner is entitled to compensation.

On March 16, 2015, respondent filed a Proffer indicating that petitioner has agreed to an award of compensation in the amount of $80,000. The undersigned’s chambers contacted petitioner’s counsel on March 17, 2015, and he confirmed petitioner’s agreement with the proposed compensation amount. Pursuant to the terms in the attached Proffer, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $80,000.00 in the form of a check payable to petitioner, Joel Vessey.**

The clerk of the court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| JOEL VESSEY, | ) | |
| | ) | |
| Petitioner, | ) | No. 14-556V |
| | ) | Special Master |
| v. | ) | Thomas L. Gowen |
| | ) | ECF |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

## I. Compensation for Vaccine Injury-Related Items

Respondent proffers that based on the evidence of record, petitioner should be awarded $80,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $80,000.00 in the form of a check payable to petitioner, Joel Vessey. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-0515

DATED: 13 March 2015